THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Jaspal Singh Hare, <br><br> *Plaintiff*, <br><br> v. <br><br> Does 1 to 100+, *et al.* <br><br> *Defendants*. | Civil Action No.: **1:25-cv-25793-EAL** <br><br> JURY TRIAL DEMANDED <br><br> FILED BY_____ D.C. <br> DEC 17 2025 <br> ANGELA E. NOBLE <br> CLERK U.S. DIST. CT. <br> S. D. OF FLA. - MIAMI |

### FIRST AMENDED COMPLAINT[1]

1. This is an action for violation of Constitutional rights and defamation *per se*, among other things, in which Plaintiff Jaspal Singh Hare ("Plaintiff" or "Jaspal") makes the following allegations against Defendants Does 1 to 100+ (collectively, "Defendants"):

### I.  PARTIES

2. Plaintiff is an individual residing in the Southern District of Florida.

3. Defendants are individuals and entities responsible for the conduct described in the accompanying Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"), which is hereby incorporated in its entirety (including supporting materials) by reference. On information and belief, Defendants are residents or entities in the various States in the United States of America. The parties included at least the following individuals and entities:

   a. Tavinder Hare ("Tavinder"), individual, residing at 1159 Orlo Dr., McLean, VA 22102;

   b. Bonat Chea ("Bonat"), individual, residing at 3208 Wellshire Ct., Plano, TX 75093;

---

[1] This First Amended Complaint ("FAC") is filed pursuant to the Court's instructions provided on December 15, 2025 in order to obtain summons. Amendment is only ¶ 3 *infra*.

c. Chris Ly, individual, residing at or around The National, 1401 Elm St, Dallas, TX 75202;

d. Sokhay Prum, individual, residing at 1911 Lavaca Trl, Carrollton, TX 75010;

e. Gregory Nick Larkin ("Nick"), individual, residing at or around [unknown], Indianapolis, IN;

f. Robert "Bob" Kelly, individual, residing at or around [unknown], Indianapolis, IN;

g. Kevin Farley, individual, residing at 726 Cimarron Trail, Mooresville, IN 46158;

h. Garrity Power Services LLC ("GPS"), Texas entity, located at 1830 Kelly Ln, Rockwall, TX 75087;

i. Paul Garrity, Individual, residing at 1830 Kelly Ln Rockwall, TX 75087;

j. IP Edge LLC, Texas entity, consented to notice at c/o Greg Love, Steckler Wayne Love PLLC, 107 E Main Street, Henderson, TX 75652;

k. Sanjay Pant, individual, residence unknown, consented to notice at c/o Greg Love, Steckler Wayne Love PLLC, 107 E Main Street, Henderson, TX 75652;

l. Gautham Bodepudi, individual, residence unknown, consented to notice at c/o Greg Love, Steckler Wayne Love PLLC, 107 E Main Street, Henderson, TX 75652;

m. Lillian Woung, individual, residence unknown, consented to notice at c/o Greg Love, Steckler Wayne Love PLLC, 107 E Main Street, Henderson, TX 75652;

n. Spencer Fane LLP, entity, principal place of business at or around 1000 Walnut Street, Suite 1400, Kansas City, MO 64106;

o. Pat Whalen, individual, residence unknown, principal place of business at or around 1000 Walnut Street, Suite 1400, Kansas City, MO 64106;

p. Kyle Elliott, individual, residence unknown, principal place of business at or around 1000 Walnut Street, Suite 1400, Kansas City, MO 64106;

q. Leslie Greathouse, individual, residence unknown, principal place of business at or around 1000 Walnut Street, Suite 1400, Kansas City, MO 64106;

r. (dba) Carrolton Springs, entity, principal place of business at or around 2225 Parker Road, Carrollton, TX 75010;

s. (dba) Psymed Solutions, entity, principal place of business at or around 7170 Preston Road, Suite 200, Plano, TX 75024;

t. Satish Narayan, individual, residence unknown, principal place of business at or around 7170 Preston Road, Suite 200, Plano, TX 75024;

u. (dba) Jackson Behavioral Health Hospital, entity, principal place of business at or around 1695 N.W. 9th Avenue, Miami, FL 33136;

v. Cortes Torres, individual, residence unknown, principal place of business at or around 1695 N.W. 9th Avenue, Miami, FL, 33136;

w. Marriott International, Inc. (dba Aloft and dba Citizen M), entity, principal place of business at or around 7750 Wisconsin Avenue, Bethesda, MD 20814;

x. FTI Consulting, entity, principal place of business at or around 500 East Pratt Street, Suite 1400, Baltimore, MD 21202;

y. Hunt | Huey PLLC, entity, principal place of business at or around 17304 Preston Road, Suite 800, Dallas, Texas 75252;

z. Richard Hunt, individual, residence unknown, principal place of business at or around 17304 Preston Road, Suite 800, Dallas, Texas 75252;

aa. Jackson Spencer La pllc, entity, principal place of business at or around Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251;

bb. James Hunnicutt, individual, residence unknown, principal place of business at or around Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251;

cc. Jennifer Spencer, individual, residence unknown, principal place of business at or around Three Forest Plaza, 12221 Merit Drive, Suite 160, Dallas, Texas 75251;

dd. Kane Russell Coleman Logan PC, entity, principal place of business at or around 901 Main Street, Suite 5200, Dallas, Texas 75202;

ee. Brian Hail, individual, residence unknown, principal place of business at or around 901 Main Street, Suite 5200, Dallas, Texas 75202;

ff. Sbaiti & Company PLLC, entity, principal place of business at or around Dallas Arts Tower, 2200 Ross Ave, Suite 4900W, Dallas, TX 75201;

gg. Brad Robinson, individual, residence unknown, principal place of business at or around Dallas Arts Tower, 2200 Ross Ave, Suite 4900W, Dallas, TX 75201;

hh. Plano Police Department, entity, principal place of business at or around Plano Municipal Center, 1520 K Avenue, Plano, TX 75074;

ii. Miami Police Department, entity, principal place of business at or around 400 NW 2nd Avenue, Miami, Florida 33128;

jj. (dba) Salience Health, entity, principal place of business at or around 5300 W Plano Pkwy, Ste. 100, Plano, TX 75093;

kk. (dba) Bent Tree Health Professionals, entity, principal place of business at or around 5300 W Plano Pkwy, Ste. 100, Plano, TX 75093;

ll. Hormazd Minwalla, individual, residence unknown, principal place of business at or around 5300 W Plano Pkwy, Ste. 100, Plano, TX 75093;

mm. Christine Nowak, individual, residence unknown, principal place of business, Russell A. Steindam Courts Building, 2100 Bloomdale Rd., Ct. Rm. 493, McKinney, TX 75071;

nn. (dba) Hargrave Family Law, entity, principal place of business at or around 4201 Spring Valley Road, Suite 1210 Dallas, Texas 75244;

oo. Misty Cole, individual, residence unknown, principal place of business at or around 4201 Spring Valley Road, Suite 1210 Dallas, Texas 75244.

## II. JURISDICTION, VENUE, AND JOINDER

4. This action arises under, *inter alia*, the laws of the Constitution of the United States, namely violations of due process rights.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, among other provisions.

6. This Court has supplemental jurisdiction over additional claims pursuant to 28 U.S.C. § 1367.

7. Each of the Defendants is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Florida Long Arm Statute.

8. Personal jurisdiction exists generally over the Defendants because each of the Defendants has sufficient minimum contacts with the forum as a result of their conduct, and/or causing injury, within the State of Florida and the Southern District of Florida.

9. Venue is proper in this district under 28 U.S.C. § 1391 because each of the Defendants is subject to personal jurisdiction. Each of the Defendants, through its own acts and/or through the acts of others (including other Defendants) acting as its representative, alter ego, or agent, has caused harm within the District, and has the requisite minimum contacts with the District such that this venue is a fair and reasonable one.

10. Defendants are jointly and severally liable because, *inter alia*, they have acted in concert with one another.

## III. BACKGROUND

11. Background is provided in the accompanying TRO Motion, which is hereby incorporated in its entirety (including supporting materials) by reference.

## IV. COUNTS

### A. Violation of Constitutional, Federal, and State Rights

12. As described in the TRO Motion, Defendants have violated Plaintiff's Constitutional, Federal, and State rights. Each of the Defendants themselves have, *inter alia*, caused Plaintiff to be wrongfully locked-up and/or aided and abetted such. In the pending divorce proceeding, that court through a copy-and-paste order has already restrained, and continues to restrain, Plaintiff from seeing his children *without due process*.

### B. Defamation

13. As described in the TRO Motion, Defendants have defamed Plaintiff by, *inter alia*, falsely asserting that Plaintiff is crazy, unethical, and/or worse.

### C. False Imprisonment

14. As described in the TRO Motion, Defendants have falsely imprisoned Plaintiff in January/February 2022 and October/November 2025 and Defendants actions (e.g., threatened psychiatric evaluations) threaten further false imprisonments.

15. Particularly egregious is Mariott's conduct. Marriott twice called law enforcement to have Plaintiff arrested. In each encounter, Marriott could simply have asked Plaintiff to leave. Marriott never did that before calling law enforcement.

16. Particularly egregious is Jackson Behavioral's conduct who locked-up and force medicated Plaintiff for 9 days (with drugs lasting over a month) without a hearing or access to an attorney.

### D. Malicious Prosecution

17. As described in the TRO Motion, Defendants have maliciously prosecuted Plaintiff by, *inter alia*, initiating of baseless mental-health proceedings against Plaintiff and/or aiding and abetting such.

### E. Intentional Infliction of Emotional Distress

18. As described in the TRO Motion, Defendants have intentionally inflicted emotional distress on Plaintiff by, *inter alia*, asserting Plaintiff needs to be locked-up and

6

medicated and then actually causing Plaintiff to be wrongfully locked-up and medicated against Plaintiff's will. The pending divorce proceeding—where, e.g., that court has already restrained, and continues to restrain, Plaintiff from seeing his children *without due process*—further inflicts emotional distress on Plaintiff.

19.  Particularly egregious is Mariott's conduct. Marriott twice called law enforcement to have Plaintiff arrested. In each encounter, Marriott could simply have asked Plaintiff to leave. Marriott never did that before calling law enforcement.

### F. Business/Contractual Torts (interference)

20.  As described in the TRO Motion, Defendants have committed business/contractual torts against Plaintiff by, *inter alia*, interfering with Plaintiff's business relation with FTI Consulting and other entities. In particular, e.g., Defendants' false assertions that Plaintiff is crazy, unethical, and/or worse has caused Plaintiff's attorneys to quit for no good cause and interfere with Plaintiff's ability to retain counsel.

### G. Malpractice

21.  As described in the TRO Motion, Defendants (namely, medical and legal professionals) have committed malpractice. For instance, Plaintiff's psychiatrist quit and attorneys to quit for no good cause and to cover up their own wrongful and professionally incompetent conduct.

### H. Fraud

22.  As described in the TRO Motion, Defendants have committed fraud against Plaintiff by, *inter alia*, falsely asserting that Plaintiff is crazy, unethical, and/or the like in legal proceedings to obtain financial windfalls for themselves.

### I. Conspiracy and Aiding and Abetting

23.  As described in the TRO Motion, certain Defendants have committed a number of torts themselves, and all Defendants by their conduct have aided and abetted the tortious conduct of other Defendants.

## V.   PRAYER FOR RELIEF

24.    Therefore, Defendants are jointly and severally liable, and Plaintiff is entitled to all available remedies including an injunction, actual and/or compensatory damages, punitive and special damages, pre-judgment and post-judgment interest, enhanced damages, and costs.

25.    WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Enter judgment in favor of Plaintiff on all Counts;

   b. Enter judgment in favor of Plaintiff that Defendants, jointly and severally, have violated and continue to violate Plaintiff's legal rights, and finding that such violations are egregious;

   c. Award Plaintiff all monetary relief available under law, including but not limited to actual and/or compensatory damages, punitive and special damages, pre-judgment and post-judgment interest, enhanced damages, and costs;

   d. Award Plaintiff its reasonable attorney fees and/or equivalent;

   e. Enjoin each Defendant, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing, from further wrongful conduct; and

   f. Grant Plaintiff all such other relief as the Court deems just and equitable.

## VI.   DEMAND FOR JURY TRIAL

26.    Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED December 17, 2025.                    Respectfully submitted,

                                            By: */s/ Jaspal Singh Hare*

                                            JASPAL SINGH HARE (*pro se*)[2]

---

[2] Admissions and qualifications:

Jaspal@SinghHare.com

*For Plaintiffs JASPAL SINGH HARE*[3]

---

- U.S. Patent and Trademark Office (Reg. No. 66,988).
- *State Courts*: Texas, New York, and California.
- *Federal Appellate Courts*: The Supreme Court of the United States; Federal Circuit; and Fifth Circuit.
- *Federal Trial Court*: Eastern District of Texas; Western District of Texas; Northern District of Texas; Southern District of Texas; Central District of California; Northern District of California; Southern District of New York; and Eastern District of New York.
- Fundamentals of Engineering (FE) Exam, passed.

[3] Plaintiff is seeking counsel.